

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 24 2012

CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RODRIC BROCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-211-A |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment

filed in the above action by defendants, Federal National

Mortgage Association ("FNMA") and GMAC Mortgage, LLC ("GMAC").

Plaintiff, Rodric Brock,[1] filed nothing in response to the

motion.  Having now considered the motion, the entire summary

judgment record, and applicable legal authorities, the court

concludes that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff initiated this removed action by the filing on

February 15, 2011, of his original petition in the District Court

of Tarrant County, Texas, 17th Judicial District, asserting

---

[1]The suit was originally filed by Rodric Brock and Amy Brock.  On May 26, 2011, Amy filed a
stipulation of partial dismissal, indicating that the parties' divorce was final on April 7, 2011, and in the
divorce Rodric was awarded sole right, title, and possession of the property that is the subject of the
litigation.  Amy was dismissed as a party, leaving Rodric Brock the sole plaintiff.

claims and causes of action related to defendants' foreclosure of

plaintiff's property.   Plaintiff asserted claims against both

defendants for wrongful foreclosure, fraud and misrepresentation,

and violations of the Texas Deceptive Trade Practices--Consumer

Protection Act ("DTPA"), Tex. Bus. & Comm. Code §§ 17.41-17.63,

and against GMAC for violations of the federal Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and

Texas Finance Code §§ 392.001-392.404.[2]   Plaintiffs also sought

injunctive relief, a declaratory judgment to void the substitute

trustee's deed and/or the special warranty deed and to quiet

title, and an accounting.

II.

The Summary Judgment Motion

Defendants argue for summary judgment on the following

grounds:   plaintiff failed to allege all of the elements of a

wrongful foreclosure claim; plaintiff failed to plead fraud with

particularity as required by Rule 9 of the Federal Rules of Civil

Procedure and also failed to allege all the required elements of

a fraud claim; defendants are not debt collectors under the

FDCPA; plaintiff failed to state a claim under the TDCPA and

failed to establish a causal link between the alleged violation

and the alleged injury; and plaintiff is not a consumer under the

---

[2]Plaintiff in his petition, and defendants in their summary judgment motion, refer to plaintiff's claims under § 392.001 of the Texas Finance Code as arising under the Texas Debt Collection Practices Act ("TDCPA"). For consistency, the court will do likewise.

2

DTPA.  Defendants also maintain that an accounting is not an independent cause of action, and plaintiff's claims for declaratory and injunctive relief fail because plaintiff failed to plead a sufficient basis for any of his substantive claims.[3]

## III.

### Undisputed Facts

The following facts are undisputed in the summary judgment record:

On or about March 9, 1999, plaintiff, along with his then-wife Amy Brock, executed a promissory note in the amount of $123,500.00 in favor of Homecomings Financial Network, Inc. ("Homecomings"), for the purchase of a home in Hurst, Texas.  The note was secured by a deed of trust.  Homecomings transferred the servicing rights to the loan to GMAC effective April 1, 1999.

Plaintiff defaulted on the loan and the property was sold at a foreclosure sale held January 4, 2011.  GMAC purchased the property, and subsequently transferred the property to FNMA by special warranty deed.

## IV.

### Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense

---

[3]Defendants also included a section in the motion arguing for dismissal of any implied claim plaintiff may be attempting to raise under the federal government's Home Affordable Modification Program ("HAMP").  The court does not read the petition as stating a claim under HAMP.

if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).  The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  Id. at 324.  See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

V.

Analysis

A.    Wrongful Foreclosure

To state a claim for wrongful foreclosure, plaintiff must show: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.-- Corpus Christi 2008, no pet.).  The petition alleges acts or omissions of defendants, such as accelerating the note without proper notice to plaintiff, that could be construed as defects in the foreclosure sale proceedings sufficient to satisfy the first element.  Absent from the petition, however, are allegations that the foreclosure sale resulted in a "grossly inadequate selling price," or that pertain in any way to the selling price.  The alleged defects in the foreclosure process alone are insufficient, without also showing a grossly inadequate sales price, to sustain a claim of wrongful foreclosure.  See Am. Sav. & Loan Ass'n of Houston v. Musick, 531 S.W.2d 581, 587 (Tex. 1976); Pollett v. Aurora Loan Servs., 2011 WL 6412051, at *1 (5th Cir. Dec. 21, 2011) (per curiam).

B.    Fraud and Misrepresentation

In order to establish a claim of fraud by misrepresentation under Texas law, plaintiff must allege that the defendant made a

5

material misrepresentation, that the speaker knew to be false or was made recklessly, with the intent to induce plaintiff's reliance, followed by actual and justifiable reliance that caused the plaintiff's injury.  <u>Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.</u>, 620 F.3d 465, 468 (5th Cir. 2010) (citing <u>Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.</u>, 51 S.W.3d 573, 577 (Tex. 2001)).  Claims of fraud must additionally comply with the requirement of Rule 9(b) of the Federal Rules of Civil Procedure that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

Rule 9(b) thus requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  <u>Herrmann Holdings Ltd. v. Lucent Techs. Inc.</u>, 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks and citations omitted).  To satisfy this requirement, a plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."  <u>Tuchman v. DCS Commc'ns Corp.</u>, 14 F.3d 1061, 1068 (5th Cir. 1994) (brackets in original)

(internal citation and quotation marks omitted).

Plaintiff's allegations of fraud fail to satisfy the heightened pleading requirement of Rule 9(b).  In the petition plaintiff alleges that on unspecified dates he spoke with unnamed individuals about his request for a loan modification.  On one of those occasions the unnamed individual told him only that his request for a modification was under review.  Not only does this statement fail to satisfy the pleading requirements of Rule 9(b), but plaintiff has also failed to explain how it satisfies any of the elements of a fraud cause of action under Texas law.

The only other alleged misrepresentation was when an unspecified individual, on an unknown date, told plaintiff the foreclosure sale would be canceled if plaintiff provided certain documentation of his ability to cure the default.  Although this statement comes closer to alleging the contents of the false representation, it also fails to allege "the particulars of time, place, . . .[and] the identity of the person making the misrepresentation and what that person obtained thereby."  Id. Plaintiff's failure to provide the required information warrants summary judgment to defendants on his fraud and misrepresentation claim.

C.   FDCPA

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others.  Perry v.

Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified

on other grounds by 761 F.2d 237.  Excluded from the FDCPA's

definition of "debt collector" are, in pertinent part:

> (A) any officer or employee of a creditor while, in the
> name of the creditor, collecting debts for such
> creditor;
>
> .   .   .   .
>
> (F) any person collecting or attempting to collect any
> debt owed or due or asserted to be owed or due another
> to the extent such activity . . . (ii) concerns a debt
> which was originated by such person [or] (iii) concerns
> a debt which was not in default at the time it was
> obtained by such person. . . .

15 U.S.C. § 1692a(6).  Additionally, the "legislative history of

section 1692a(6) indicates conclusively that a debt collector

does not include the consumer's creditors, a mortgage servicing

company, or an assignee of a debt, as long as the debt was not in

default at the time it was assigned."  Perry, 756 F.2d at 1208.

Here, plaintiff affirmatively pleaded, and the summary

judgment evidence establishes, that GMAC was the mortgage

servicer, and that at the time GMAC obtained the servicing rights

to plaintiff's mortgage loan, plaintiff was not in default on the

note.  Under these circumstances, GMAC is excluded from the

definition of "debt collector" under the FDCPA, and summary

judgment is warranted as to this claim.  Id.

D.    TDCPA

Similar to its federal counterpart, the TDCPA prohibits certain unlawful acts in the collection of consumer debt. Plaintiff first maintained that GMAC violated the TDCPA by "induc[ing] Plaintiff[] into believing that the foreclosure sale would be canceled and that [he] would be given the opportunity to complete a loan modification and/or cure the default. . . ." Pl.'s Original Verified Pet. ("Pl.'s Pet.") at 14, attached to Defs.' Notice of Removal.  Plaintiff does not cite to the specific section of the TDCPA allegedly violated by such conduct, nor has plaintiff directed the court to authority holding that discussions concerning cancellation of a foreclosure sale and a possible loan modification constitute impermissible debt collection activities.

Plaintiff's only other allegation concerning conduct that violated the TDCPA is his statement that one of the notice letters he received from GMAC demanded payment of $114,574.13 to cure the default, an "amount [] way in excess of any possible amount required to cure the default. . .," which "constitutes a misrepresentation of the character, amount or extent of the indebtedness."  Id.  Plaintiff again failed to allege the specific provision of the TDCPA allegedly violated by this statement.  Nor does plaintiff provide more than the conclusory assertion that $114,574.13 is a misrepresentation as to the

amount required to cure the default.   The court has found nothing in the petition, and plaintiff has directed the court to no summary judgment evidence, sufficient to raise a genuine issue of material fact on this claim.

E.    DTPA

To assert a claim under the DTPA requires plaintiff to first show that he is a consumer as defined by the statute.  La Sara Grain Co. v. First Nat'l Bank of Mercedes, 673 S.W.2d 558, 564 (Tex. 1984); Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 538 (Tex. 1981).   Consumer status requires plaintiff to establish that (1) he sought or acquired goods or services by purchase or lease, and (2) the goods or services form the basis of his complaint.   Tex. Bus. & Comm. Code §§ 17.45(4), 17.50(a); Cameron, 618 S.W.2d at 539.   Generally, borrowing money or obtaining credit does not constitute the acquisition of goods or services.   See La Sara Grain Co., 673 at 566;   Riverside Nat'l Bank, 603 S.W.2d at 174-75; Fix v. Flagstar Bank, FSB, 242 S.W.3d 147, 160 (Tex. App.--Ft. Worth 2007, pet. denied).

Plaintiff's only allegation in support of consumer status is the conclusory assertion that "at the time that Plaintiff[] sought a loan modification under the HAMP program, Plaintiff[] was considered [a] 'consumer' under the HAMP loan modification program. . . ."  Pl.'s Pet. at 15.   Plaintiff again directs the court to no authority whereby an attempt to participate in a

federal loan modification program affords him consumer status

under the DTPA.  The substance of the petition concerns

plaintiff's attempts to modify his mortgage loan to avoid

foreclosure.  However, plaintiff did not obtain the loan from

either defendant, and nowhere in the petition does he allege that

he sought to acquire goods or services by lease or purchase from

defendants, and no allegations in the petition lead to that

conclusion.  More than plaintiff's conclusory assertion is

required to establish consumer status under the DTPA.

Plaintiff also attempts to assert consumer status by virtue

of his claims under the TDCPA.  The TDCPA is a "tie-in" statute,

whereby a violation of that statute also violates the DTPA.

However, because the court has already concluded that dismissal

of plaintiff's TDCPA claim is warranted, plaintiff has failed to

state a claim under the DTPA through any tie-in statute.

F.   Accounting

An accounting is generally an equitable remedy rather than

an independent cause of action.  T.F.W. Mgmt., Inc. v. Westwood

Shores Prop. Owners Ass'n, 79 S.W.3d 712, 717 (Tex. App.--Houston

[14th Dist.] 2002, pet. denied).  An accounting is appropriate

"when the facts and accounts presented are so complex adequate

relief may not be obtained at law."  Id.  However, where a party

can obtain the requested relief through the use of standard

discovery procedures, the court need not grant a demand for an

11

accounting.  Id.

Here, nothing in the petition nor in the summary judgment
record shows why plaintiff could not obtain the requested
information through typical discovery methods such as
interrogatories or requests for production.  Accordingly, the
demand for accounting is also dismissed.

G.   Declaratory and Injunctive Relief

The petition seeks relief under the Texas Declaratory
Judgments Act, section 37.001-37.011 of the Texas Civil Practice
& Remedies Code.  The Texas act is a procedural, rather than
substantive, provision, and would generally not apply to a
removed action such as this one.  See Utica Lloyd's of Tex. v.
Mitchell, 138 F.3d 208, 210 (5th Cir. 1998).  Application of
either the Texas or federal act leads to the conclusion that
plaintiff is not entitled to declaratory relief.

Both the federal and Texas declaratory judgment acts are
procedural devices that create no substantive rights.  Aetna Life
Ins. Co. v. Haworth, 300 U.S. 227, 239-41 (1937); Texas Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993).
Both the Texas and federal acts require the existence of a
justiciable controversy.  Aetna, 300 U.S. at 239-41; Bonham State
Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995).  Because all of
plaintiff's substantive claims have been dismissed, plaintiff's
request for declaratory judgment is dismissed as well.

Likewise, to prevail on his request for injunctive relief, plaintiff is required to plead and prove, <u>inter</u> <u>alia</u>, "a substantial likelihood of success on the merits." <u>DSC Commc'ns Corp. v. DGI Techs., Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996). The dismissal of plaintiff's substantive claims warrants dismissal of his request for injunctive relief as well.

VI.

<u>Order</u>

Therefore,

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted, and that all such claims and causes of action brought by plaintiff, Rodric Brock, against GMAC and FNMA be, and are hereby, dismissed with prejudice.

SIGNED February 24, 2012.

JOHN McBRYDE
United States District Judge